LAWSON, C.J.
Rainbow River Conservation, Inc., and a number of other private citizens, *313 intervenors below (“Intervenors”), appeal an Order Approving an Amended Settlement Agreement between Rainbow River Ranch, LLC, Conservation Land Group, LLC, (the two “Property Owners”), the City of Dunnellon, and the Florida Department of Economic Opportunity (DEO), f/k/a the Department of Community Affairs. The settlement agreement was entered pursuant to section 70.001, Florida Statutes (2012), known as the “Bert J. Harris, Jr., Private Property Rights Protection Act” (“Bert Harris Act”). Because the circuit court approved the settlement without “ensur[ing] that the relief granted [by the settlement agreement] protects the public interest served by the statute at issue [section 163.3184, Florida, Statutes (2012) ] and is the appropriate relief necessary to prevent the governmental regulatory effort from inordinately burdening the real property,” section 70.001(4)(d)2., Florida Statutes (2012), we reverse and remand for further proceedings.
The Florida Legislature enacted The Local Government Comprehensive Planning and Land Development Regulation Act (“Growth Management Act”) in 1985, as part of Chapter 85-55, Laws of Florida. Codified in Chapter 163, Florida-Statutes, Part II, this enactment (in relevant part) mandates the adoption of local comprehensive land development plans, including a “future land use plan element” consisting of “land use maps or map series” to guide “the orderly and balanced future economic, social, physical, environmental, and fiscal development of the area ....” § 163.3177(1), (6)(a)6., Fla. ’ Stat. (2012). “The comprehensive plan is similar to a constitution for all future development within the governmental boundary.” Citrus Cty. v. Halls River Dev., Inc., 8 So.3d 413, 420-21 (Fla. 5th DCA 2009). “Once a comprehensive plan has been adopted pursuant to Chapter 163, Part II, ‘all development undertaken by, and all actions taken in regard to development orders by, governmental agencies in regard to land covered by such plan’ must be consistent with that plan.” Id. at 421 (quoting § 163.3194(l)(a), Fla. Stat. (2005)). “Citizen enforcement is the primary tool for holding local government to its land use ‘constitution’ by insuring the consistency of development orders with the city’s or county’s comprehensive plan.” Nassau Cty. v. Willis, 41 So.3d 270, 276 (Fla. 1st DCA 2010) (footnote omitted).
The Florida Legislature enacted the Bert Harris Act in 1995, as part of Chapter 95-181, Laws of Florida, to protect property owners “when a new law, rule, regulation, or ordinance of the state or a political entity in the state, as applied, unfairly affects real property.” § 70.001(1), Fla. Stat. (2012)- The Bert Harris Act created a new cause of action for property owners, against 'the government, to compensate the owner when an existing use of the owner’s property “or a vested right to a specific use of real property” is “inordinately burdened” by a new governmental regulation. § 70.001(2), Fla. Stat. (2012). When a property owner- brings a Bert Harris Act claim, the statute expressly authorizes the parties to settle by agreeing to an “adjustment of land development or permit standards or other provisions controlling the development or use of land,” so long as the “relief granted” protects the “public interest - served by the regulations at issue” • and is “the appropriate relief necessary to prevent the governmental regulatory effort from inordinately burdening the real property.” § 70.001(4)(c)l., (d)l., Fla. Stat. (2012). “Whenever a governmental entity enters into a settlement agreement under this section which would have the- effect of'contravening the application of a statute as it would otherwise apply to the subject real property,” circuit court approval is required. *314 § 70.001(4)(d)2., Fla. Stat. (2012). The circuit judge is then tasked with the weighty responsibility of “ensur[ing] that the relief granted protects the public interest served by the statute at issue” and that the relief “is the appropriate relief necessary to prevent the governmental regulatory effort from inordinately burdening the real property.” Id. Notably, the Bert Harris Act expressly grants circuit judges broad power to “enter any orders necessary to effectuate the purposes of this section and to make final determinations to effectuate relief available under this section.” § 70.001(7)(a), Fla. Stat. (2012).
The real property at issue consists of two contiguous parcels, located within the City of Dunnellon along Rainbow River, adjacent to Rainbow Springs State Park. When the Property Owners purchased the property in 2004, the land was subject to a future land use map, adopted by ordinance in 2001, which significantly limited development of the property, particularly along Rainbow River. The 2001 future land use map, for example, included a 36-acre conservation area adjacent to Rainbow River, where only “passive uses” (and no. development) were allowed. . In 2007, the City of Dunnellon amended its. comprehensive plan in. a way that, according to the Property Owners, restricted the future use of their property even further. The Property Owners initiated a Bert. Harris Act claim that ultimately led to a settlement agreement, which significantly adjusted the development standards controlling the property by permitting development in areas (and -densities) not allowed under either the 20.01 or 2007 City of Dunnellon comprehensive plan. Recognizing that the agreement would have the effect of contravening section 163.3184, -Florida Statutes (2012), by essentially amending the comprehensive plan without following the notice, public participation and state, review requirements in that statute for local comprehensive plan amendments, the parties to the agreement sought circuit court approval, as required by section 70.001(4)(d)2. The Intervenors opposed approval of the agreement, arguing that it did not protect the public interests served by section 163.3184 and provided far more relief to the Property Owners than necessary to prevent an inordinate burden on the property from the City’s 2007 comprehensive plan amendment. The Interve-nors also sought an evidentiary hearing on the relevant issues to resolve a number of factual issues material to the circuit court’s decision to approve or disapprove the agreement.
The Property Owners argued that no hearing was necessary because the court was required to accept the stipulation of the settling parties that the agreement met the requirements for circuit court approval. In support of this position, the Property Owners argued that the only public interest served by section 163.3184 is the interest in enabling state and local government to guide, and control future development. Because both the City and the DEO agreed to the settlement, they argue,. this interest was fully satisfied. .The Property Owners also argued that the Intervenors, as intervenors, “were bound to accept the record-as it is and could not raise new issues” by seeking an evidentia-ry hearing.
The circuit court appears to have accepted the Property Owners’ arguments, and approved the settlement agreement without taking any evidence and without elaboration in the order on review. Clearly, the plain language of section 70.001(4)(d)2. required more.
First, the Properly Owners are incorrect in their assessment of the public interests served by the relevant statute. “Chapter 163, part :II, Florida Statutes *315 (1989) (Local Government Comprehensive Planning and Land Development Regulation Act) (the Act), was intended to enhance present advantages and encourage appropriate uses of land and resources.” Martin Cty. v. Yusem, 690 So.2d 1288, 1292 (Fla.1997) (citing § 163.3161(3), Fla. Stat. (1989)). In addition, as stated in the DEO’s own motion to intervene below, “[t]he Growth Management Act requires that local government comprehensive plans protect and conserve natural resources, including rivers, fisheries, wildlife and marine habitat.” Section 163.3184 sets forth part of the process designed to serve these broader interests by establishing notice, public participation and state review requirements for adoption or amendment of local comprehensive plans. In addition, as also recognized by the DEO in its motion to intervene below, section 163.3184 directly serves the public interest in assuring “robust public participation” in the land planning process and in ensuring compliance of all local plan amendments with state law. These interests are intertwined because section 163.3184 relies upon active public participation to ensure local plan amendment compliance with státe law. Willis, 41 So.3d at 276. The trial court erred when it approved the settlement without even considering; niuch less “ensuring,” that the agreement protects those interests. ....
Second, the Property Owners are incorrect in their view of the limited role of intervenors in this type of proceeding. In our view, the circuit court' could .not have ensured protection of the public interest in active participation in the planning process without some mechanism that allowed robust public input. Given the broad powers granted to the circuit court in the Bert Harris Act, the court could have ordered the City to hold public hearings, and then considered the comments from those proceedings. Further, where the public has intervened and contests whether the settlement agreement even meets the statutory requirements for approval, it would seem to,be difficult, if not impossible,, for the circuit court to ensure satisfaction of the public interest in public participation without hearing directly from the interve-nors and considering their evidence..
Third, the Property Owners are incorrect in their argument that the Interve-nors were attempting to expand the proceeding to issues not contemplated by the Bert Harris Act. In this type of-proceeding, the circuit court is required to ensure that the settlement does not grant more relief to the owners than necessary to obviate the “inordinate burden” caused by the new regulation. The teim “inordinate burden” as defined in the Bert Harris Act requires factual determinations regarding the “vested rights” of the owners at the time of the new regulation, as well as the owners’ “investment-backed expectations” based Upon existing uses or vested rights in the property. § 70.001(3)(e), Fla. Stat. (2012). The statute also directs that the “existence of a ‘vested right’ is to be determined by applying the principles of equitable estoppel or- substantive due process under the common law or by applying the statutory law of this state.” § 70.001(3)(a), Fla. Stat. (2012). These are the issues-on which the Intervenors sought to introduce evidence — and are the-very issues that the circuit court would have to consider before it could decide whether the settlement agreement should be approved, or not.
Although other issues were raised by the parties, only one more needs to be addressed. Intervenors argued below, and on appeal, that a Bert Harris Act settlement agreement can never authorize development inconsistent with the local government’s existing comprehensive plan because this would violate the Growth Management Act. See § 163.3194(l)(a), *316 Fla. Stat. (2012) (providing that once a comprehensive plan has been adopted, “all development undertaken by, and all actions taken in regard to development orders by, governmental agencies in regard to land covered by such plan” must be consistent with that plan). We reject this argument because it is inconsistent with the plain language of the Bert Harris Act, which expressly authorizes settlement agreements that make an “adjustment of land development or permit standards or other provisions controlling the development or use of land” and include provisions for the issuance of “development order[s], a variance, special exception, or other extraordinary relief’ even when the relief “would have the effect of contravening the application of a statute as it would otherwise apply to the subject real property ....”§ 70.001(4)(c)l., (4)(c)9., (4)(d)2., Fla. Stat. (2012). We agree with Interve-nors that these provisions of the Bert Harris Act are extraordinary, but they are wisely balanced with a requirement that the agreement be approved by the circuit court only after it ensures that the public interests served by the affected statute are protected. There may be a case where the public interests protected by the Growth Management Act can only be protected with a circuit court order that requires the local government to process a comprehensive plan amendment through the ordinary process, before implementation of a settlement agreement. However, the Legislature clearly contemplated that, [in some cases], the public interests served by the Growth Management Act could be satisfied by other means at the circuit court’s disposal.
In this case, we reverse and remand with directions that the circuit court conduct further proceedings and make the determinations mandated by the plain language of the Bert Harris Act.
REVERSED AND REMANDED WITH DIRECTIONS
PALMER and WALLIS, JJ., concur.